# William C. Guldin's Administrators *versus* Hannah Guldin's Administrator.

1. An administrator, party to a suit, who is personally interested in either event of the suit, but whose interest clearly preponderates in favor of a recovery by his adversary, is not a competent witness on behalf of the latter.

2. Such incompetency is not removed either by the Act of March 27th 1865, which provides that a party to the record, acting in a fiduciary or representative capacity, may be examined, or by the Act of the same date which enables any party to compel any adverse party to testify in his behalf. These statutes are to be construed together, their intendment is to enable one party to call the opposite party to testify against his interest, and to make any uninterested fiduciary party a competent witness. They make no interested person a party competent to testify in his own favor.

March 14th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term 1880. No. 161.

Assumpsit, by Francis A. Mortimer, administrator of Hannah Guldin, deceased, against Benjamin H. Guldin and John S. Rick, administrators of William C. Guldin, deceased. The *narr.* was in the common counts.

On the trial, before WALKER A. L. J., the following material

[Culdin's Adm'rs *v.* Guldin's Adm'rs.]

facts appeared: Hannah Guldin, a widow, died intestate, leaving to survive her three children, William C. Guldin, Benjamin H. Guldin and Catherine S. Conrad. Letters of administration on her estate were granted to the plaintiff. William C. Guldin subsequently died, intestate, leaving to survive him a widow and a brother and a sister, the said Benjamin H. Guldin and Catharine S. Conrad. Letters of administration on his estate were granted to the said Benjamin H. Guldin, and John S. Rick, defendants.

The plaintiff sought to recover an alleged indebtedness due by William C. Guldin to his mother Hannah Guldin. The plaintiff called as a witness the defendant Benjamin H. Guldin and proposed to prove by him, inter alia, that William C. Guldin on the day before his death acknowledged to him that he owed his mother a certain indebtedness of $1600. The defendant's counsel objected, on the ground, inter alia, that the witness is incompetent, because of interest; that he is entitled under the intestate law to *one-third* of Hannah Guldin's estate, while he is entitled under the intestate law only to *one-fourth* of William C. Guldin's estate. His interest therefore predominates in favor of the plaintiff. Objection overruled; exception. The witness then testified to the acknowledgment by William C. Guldin of his indebtedness of $1600 to Hannah Guldin, as stated in the offer. There was no other testimony in support of the plaintiff's claim, except that one witness testified that he was present at the time of the acknowledgment of the indebtedness by William C. to Benjamin H. Guldin, that the latter " asked him whether he had some of his mother's money, and he said he had. He did not mention the amount." The only other person present was a physician who was dead at the time of the trial.

The defendants requested the court to instruct the jury " that under all the evidence in the case the defendants are entitled to a verdict."

Ans. We decline to instruct you so, but submit the case to you as a question of fact under the evidence given by the plaintiff.

Verdict and judgment for the plaintiff for $3332.58. The defendants took this writ of error, assigning for error, inter alia, the admission by the court of the defendant Benjamin H. Guldin to testify on behalf of the plaintiff.

*James Ryon* (*D. B. Green* and *J. W. Ryon* with him), for the plaintiff in error.—Benjamin H. Guldin, one of the defendants, was incompetent to testify on behalf of the plaintiff, because *personally* he was interested in the verdict going against him *as administrator.* Where a party is interested on both sides of the issue, it is only where the preponderance cannot be weighed by the court that he may testify. But here the preponderance was mathematically demonstrated. It is argued that he was admissible

[Guldin's Adm'rs v. Guldin's Adm'rs.]

under the Act of March 27th 1865, permitting a party to compel any adverse party to testify. But that was only intended to apply to an *adverse* party in *fact* as well as in name. Without his evidence the plaintiff had no case, and with it the defendant was swearing money into his own pocket, and he was therefore incompetent: Robinson v. Eldridge, 10 S. & R. 140; Ward v. Tyler, 2 P. F. Smith 393; Hogeboom's Ex'r v. Gibbs, Sterrett & Co., 7 W. N. C. 399; Hess v. Gourley, Id. 159; Diehl v. Emig, 15 P. F. Smith 320; Taylor v. Kelly, 30 Id. 95; Karns v. Tanner, 16 Id. 297; Pattison v. Armstrong, 24 Id. 476; Gyger's Appeal, Id. 48. The Act of 1869 has no application, as both plaintiff and defendants were administrators.

*F. G. Farquhar* (*Francis A. Mortimer, P. P.,* with him), for defendant in error.—B. H. Guldin was a competent witness for the plaintiff, by virtue of the Act of March 27th 1865. As an "adverse party to the record," he was within the very terms of the act. If the plea of interest were to exclude testimony offered under this act, then the act would be defeated in every case, because adverse parties are always interested in the subject of the suit. But it is settled that one who is interested in either event of a trial is a competent witness, and in such case the court will not determine on which side is the preponderance of interest, but that will merely go to his credibility, and not to his competency: Brindle v. McIlvaine, 10 S. & R. 282; Potter v. Burd, 4 Watts 15; Finney's Appeal, 9 P. F. Smith 398.

Mr. Justice TRUNKEY delivered the opinion of the court, March 28th 1881.

This action is by the administrator of Hannah Guldin, deceased, against the administrators of William C. Guldin, deceased. In the trial the Act of April 15th 1869, Pamph. L. 30, by its express terms had no application.

Two acts were passed on March 27th 1865, Pamph. L. 38, relating to witnesses and evidence. One was entitled "An act relating to the admission of parties to judicial proceedings as witnesses in certain cases," and provided that in all trials and judicial proceedings an administrator or other person acting in a fiduciary or representative capacity, although a party to the proceeding, not having an interest in the subject-matter of the controversy, may be examined as a witness. Hence, in suits by or against administrators, when they are not interested otherwise than their right to compensation out of the estate for their services, they are as competent witnesses as strangers to the record and subject of controversy. The other is entitled "An act amending the law of evidence in Pennsylvania," and enables any party to compel any adverse party or person for whose immediate and adverse benefit the action

is prosecuted or defended to testify in his behalf. Obviously this applies to a real party, and not to one who sues or is sued as the representative merely. These acts are to be construed together. Their titles are to be considered being a part thereof under the constitutional amendment of 1864. One applies to a party who is a representative, the other to a party in interest. Under the law of evidence, a necessary party to the record, because of his trust relation, could not be a witness in behalf of the beneficiary or trust estate, and the statute makes him competent. Any person not a party, although interested, could be called to testify against his interest, and the statute puts a party on the same footing. The intendment of these statutes is to enable one party to call the opposite party to testify against his interest, and to make any uninterested fiduciary party a competent witness in the cause. They make no interested person or party competent to testify in his own behalf.

Is a person sued as administrator of an estate, who is directly interested in the plaintiff's recovery, a competent witness for the plaintiff? A. sues B., and C., being interested in A.'s recovery, is incompetent as a witness for A. Pending the suit B. dies, and C. takes out letters of administration and is substituted as party defendant. Nothing but perversion of the statutes will enable A. to call C. to testify. And if the suit were not commenced until after B.'s death and C.'s appointment as administrator, he, continuing to be interested against the estate, would be as clearly incompetent for the plaintiff.

Hannah Guldin died intestate, leaving children, of whom were William C. Guldin and Benjamin H. Guldin. Afterwards, William C. died, leaving a widow, but no children. Benjamin H. Guldin, one of the administrators of William C., is interested in both estates represented in this action—he is entitled to a distributive share in half his brother's personal estate and in the whole of his mother's.

A witness whose interest is equal between the parties is competent. If it be doubtful whether it preponderates in favor of the party calling him, the court should permit him to testify, and instruct the jury if they found his interest in favor of the party calling him was greater than he had in favor of the other, they should reject his testimony: Rees *v.* Livingston, 5 Wright 113. Benjamin H. Guldin had a certain and preponderating interest in favor of the plaintiff, and he was incompetent to testify on that side: 1 Greenl. Evidence, sect. 391; Keymborg & Co. *v.* Burbridge & Co., 1 Jones 535.

The charge of the court was upon the evidence received, and no other question raised by the assignments requires notice.

Judgment reversed, and a *venire facias de novo* awarded.